## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **VALTRUS INNOVATIONS LTD. and KEY PATENT INNOVATIONS LTD.,** | |
| *Plaintiffs,* | **Civil Action No. 2:25-cv-556** |
| **v.** | **JURY TRIAL DEMANDED** |
| **SAP AMERICA, INC. and SAP SE,** | |
| *Defendants.* | |

## MOTION TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE DOCTRINE

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................... 1

II.   BACKGROUND .................................................................................................... 1

III.  LEGAL STANDARD............................................................................................ 5

IV.   ARGUMENT......................................................................................................... 5

     A.    The Court should transfer Plaintiffs' claims regarding the '984 Patent to Delaware because SAP's declaratory judgment action there is the first-filed action. ............ 5

     B.    All claims regarding the '984 Patent should proceed in Delaware because SAP II and Valtrus III are substantially similar................................................................ 8

     C.    The District of Delaware should be afforded the opportunity to address which case should proceed for the '984 Patent. .................................................................. 9

V.    CONCLUSION...................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cadle Co. v. Whataburger of Alice, Inc.*,
   174 F.3d 599 (5th Cir. 1998) ......................................................................................5, 9

*Cellectis S.A. v. Precision Biosciences, Inc.*,
   858 F. Supp. 2d 376 (D. Del. 2012)..................................................................................8

*Commc'ns Test Design, Inc. v. Contec, LLC*,
   952 F.3d 1356 (Fed. Cir. 2025)........................................................................................6

*E-Z-EM, Inc. v. Mallinckrodt, Inc.*,
   2010 U.S. Dist. LEXIS 31419 (E.D. Tex. Feb. 26, 2010) ...............................................9

*Elecs. For Imaging, Inc. v. Coyle*,
   394 F.3d 1341 (Fed. Cir. 2005)........................................................................................5

*Futurewei Techs., Inc. v. Acacia Rsch. Corp.*,
   737 F.3d 704 (Fed. Cir. 2013).......................................................................................5, 6

*Genentech, Inc. v. Eli Lilly and Co.*,
   998 F.2d 931 (Fed. Cir. 2008).......................................................................................5, 9

*Lab. Corp. of Am. Holdings v. Chiron Corp.*,
   384 F.3d 1326 (Fed. Cir. 2004)........................................................................................5

*Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys.*,
   2022 U.S. Dist. LEXIS 218602 (E.D. Tex. Dec. 2, 2022).............................................9

*RPost Holdings, Inc. et al. v. Yesware, Inc.*,
   2014 WL 12712410 (E.D. Tex. Sept. 3, 2014) ................................................................6

*RPost Holdings, Inc. v. Sophos, Inc.*,
   No. 2:13-cv-959, 2014 U.S. Dist. LEXIS 184532 (E.D. Tex. Aug. 20, 2014) ......................5, 9

*SAP Am., Inc. v. Valtrus Innovations Ltd.*,
   No. 1:24-cv-00054-GBW (D. Del. Jan. 15, 2024)........................................... *passim*

*SAP Am., Inc. v. Valtrus Innovations Ltd. et al.*,
   No. 1:24-cv-00756-GBW (D. Del. June 26, 2024)........................................... *passim*

*Save Power Ltd. v. Syntek Fin. Corp.*,
   121 F.3d 947 (5th Cir. 1997) .............................................................................................9

*SIPCO, LLC v. Emerson Elec. Co.*,
  2016 U.S. Dist. LEXIS 191202 (E.D. Tex. July 1, 2016)...........................................................8

*Texas Instruments, Inc. v. Micron Semiconductor, Inc.*,
  815 F. Supp. 994 (E.D. Tex. 1993)...................................................................................5, 9

*Valtrus Innovations Ltd. v. SAP Am., Inc. et al.*,
  No. 2:24-cv-00021-JRG (E.D. Tex. Jan. 15, 2024) ......................................................2, 3, 4, 6

*Valtrus Innovations Ltd. et al. v. SAP Am., Inc. et al.*,
  No. 2:24-cv-00533-JRG (E.D. Tex. July 12, 2024)...............................................................3, 4

**Statutes**

35 U.S.C. § 281...........................................................................................................................2

Delaware Consumer Fraud Act.....................................................................................................2

Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* .......................................................7

**Other Authorities**

U.S. Const. art. III.......................................................................................................................2

iii

## I.   INTRODUCTION

The Court should dismiss, stay, or transfer part of this action under the first-to-file doctrine. More than a year ago, SAP America filed for declaratory judgment of non-infringement in the District of Delaware on the *same* patent Valtrus now asserts against Defendants here: U.S. Patent No. 9,229,984 (the "'984 Patent"). *See SAP Am., Inc. v. Valtrus Innovations Ltd. et al.*, No. 1:24-cv-00756-GBW (D. Del. June 26, 2024), Dkt. 1 at 23 (Count IX). Beyond the *identical* patent, the issues, parties, and accused technology overlap. Plaintiffs already tried to dismiss SAP's Delaware action, representing to that court "there is no case or controversy justifying declaratory judgment." *Id.*, Dkt. 14 at 9. Plaintiffs then refused to agree to a covenant not to sue on the '984 Patent and the similar patents in suit. Afterward, Plaintiffs went back to the court and represented that "[a]ny lingering fear that Valtrus will sue on those patents is pure speculation, not a 'real and immediate injury' or threat of injury." *Id.*, Dkt. 31 at 2. Contrary to their representations, Plaintiffs' sued SAP on the '984 Patent months later—while SAP's first-filed declaratory judgment action on the '984 Patent remains pending in Delaware. If Plaintiffs' allegations related to the '984 Patent are not dismissed or stayed, it should proceed in the District of Delaware under the first-to-file rule to avoid inconsistent rulings and to conserve judicial resources.

## II.   BACKGROUND

The litigation between the parties began on January 15, 2024, following Plaintiffs' half-hearted attempt at pre-litigation licensing discussions. That day, both Valtrus and SAP sought relief from the courts—Valtrus from this Court and SAP from the District of Delaware.

In Texas, Valtrus asserted seven patents from a portfolio it acquired from HPE. *See Valtrus Innovations Ltd. v. SAP Am., Inc. et al.*, No. 2:24-cv-00021-JRG (E.D. Tex. Jan. 15, 2024) ("*Valtrus I*"), Dkt. 1. Valtrus never asserted the '984 Patent, a different patent in the HPE portfolio.

1

Concurrently, SAP America filed in Delaware against Valtrus seeking a declaration of non-infringement for multiple patents. *See SAP Am., Inc. v. Valtrus Innovations Ltd.*, No. 1:24-cv-00054-GBW (D. Del. Jan. 15, 2024) ("*SAP I*"), Dkt. 1. Unlike Valtrus in *Valtrus I*, SAP America in Delaware specifically identified the '984 Patent and sought a declaration that neither SAP nor its accused "SAP HANA System" infringed the patent. *Id.* at ¶¶ 58–62.

Before Valtrus responded, SAP America amended its complaint to add Patent Platform Services ("PPS") as a party because "PPS acted as Valtrus's licensing agent" throughout the discussions with SAP. *See SAP I*, Dkt. 7 at ¶ 15. PPS's involvement is relevant to SAP America's Delaware Consumer Fraud Act claims against Plaintiffs in its original and amended complaints. *See id.* at ¶¶ 34–38. Like its original complaint, SAP America sought a declaration that neither SAP nor its SAP HANA System infringed the '984 Patent. *See id.* at ¶¶ 80–84.

Despite PPS being a Delaware entity, Valtrus and PPS moved to dismiss *SAP I* in the District of Delaware for lack of personal jurisdiction over Valtrus in Delaware. *See SAP I*, Dkt. 14–15. SAP obtained jurisdictional discovery (*id.*, Dkt. 28) and learned that Valtrus did not possess all substantial rights to any patents in the HPE Portfolio; instead, its corporate parent entity, KPI, did. Recognizing that KPI was a necessary party, SAP America voluntarily dismissed *SAP I* (*id.*, Dkt. 36), and filed *SAP II*, adding KPI as a defendant. *See SAP Am., Inc. v. Valtrus Innovations Ltd. et al.*, No. 1:24-cv-00756-GBW (D. Del. June 26, 2024) ("*SAP II*"), Dkt. 2. SAP America sought a declaratory judgment that it did not infringe 12 patents, **again including the '984 Patent** (Count IX). *SAP II*, Dkt. 12 ¶¶ 1, 9–20, 95–100.

In parallel, SAP moved to dismiss the *Valtrus I* case in this District for lack of Article III standing and for failure to satisfy the "patentee" requirement under 35 U.S.C. § 281. Valtrus responded in three ways: (1) claiming it had all the rights (*Valtrus I*, Dkt. 55); (2) amending its

complaint to add KPI as a plaintiff in *Valtrus I* (*id.*, Dkt. 57 ¶ 2); and (3) refiling a duplicative case with KPI "out of an abundance of caution and to preserve all of Plaintiffs' rights"—again, **not** including the '984 Patent. *See Valtrus Innovations Ltd. et al. v. SAP Am., Inc. et al.*, No. 2:24-cv-00533-JRG (E.D. Tex. July 12, 2024) ("*Valtrus II*"), Dkt. 1. The Court consolidated *Valtrus II* into *Valtrus I*—neither of which ever involved the '984 Patent. **From January 2024 until May 2025, Delaware remained the sole pending venue for the parties' dispute over the '984 Patent.**

Plaintiffs then tried to divest Delaware of jurisdiction. Plaintiffs moved to dismiss the *SAP II* complaint on several grounds, including for alleged lack of subject-matter jurisdiction as to Count IX (non-infringement of the '984 Patent) because SAP faced no "real and immediate injury or threat of future injury." *SAP II*, Dkt. 14. Plaintiffs stressed that they had no plan to assert the **'984 Patent**. *See SAP II*, Dkt. 14 at 9-10. Taking Plaintiffs' representation at face value, SAP America requested a covenant not to sue for infringement of the '984 Patent and other non-overlapping patents. *Id.*, Dkt. 23, Ex. AW. Plaintiffs refused. *Id.* So SAP America opposed Plaintiffs' motion based on the real threat of Plaintiffs suing SAP. *Id.*, Dkt. 23. Plaintiffs then replied. *See id.*, Dkt. 31. Plaintiffs' motion to dismiss *SAP II* remains pending and undecided.

In arguing that Delaware should dismiss Count IX and the '984 Patent, Plaintiffs reiterated that Valtrus's licensing discussions about it were over, that Valtrus had specifically decided **not** to assert the '984 Patent in its Texas case, and that Valtrus (and KPI) would not assert that patent against SAP. *SAP II*, Dkt. 14 at 3–4; *id.* at 9–10 (arguing, incorrectly, that Delaware lacks subject-matter jurisdiction over the '984 Patent because "Valtrus has given no indication that it intends to file a second litigation adding more patents."). Yet Plaintiffs refused to sign a covenant not to sue as to the '984 Patent and other non-overlapping patents, indicating they *intended* "to file a second litigation adding more patents" and confirming the real threat of further litigation against SAP. *Id.*,

3

Dkt. 23, Ex. AW. Still, Plaintiffs tried to convince the court that "Valtrus filed suit against SAP in Texas without asserting or mentioning those patents ever again" and "[a]ny lingering fear that Valtrus will sue on those patents is pure speculation." *SAP II*, Dkt. 32 at 2.

Valtrus and KPI have continued to litigate the consolidated *Valtrus I* and *Valtrus II* cases. Now jury selection is set to begin in three months, on September 22, 2025. *See Valtrus I*, Dkt. 168 (Fifth Amended Docket Control Order).

**Before even trying their first case,** Plaintiffs filed *Valtrus **III*** to further harass SAP and demand a larger payout. This third Texas action includes four more random patents—**and mistakenly includes the '984 Patent** already being litigated in Delaware; the same patent Plaintiffs already sought to dismiss from Delaware by insisting that no case or controversy exists. *See Valtrus Innovations Ltd. v. SAP Am., Inc.*, No. 2-25-cv-00556-JRG (E.D. Tex. May 19, 2025) ("*Valtrus III*"), Dkt. 1. SAP America already moved to enjoin the '984 Patent and this case based on the first-filed *SAP II* case. *SAP II*, Dkt. 59. A timeline of these events is included below:

**Timeline of Events**

4

### III. LEGAL STANDARD

"[W]hen related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1998). Although the first-to-file rule is a discretionary doctrine (*id.*), courts typically enforce this first-to-file rule "absent sound reason for a change of forum[.]" *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 938 (Fed. Cir. 2008); *see also Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005). The Federal Circuit (whose law controls) affirmed the issuance of an injunction to "arbitrat[e] between co-pending patent declaratory judgment and infringement cases pending in different district courts." *Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1336 (Fed. Cir. 2004).

In determining whether to apply the first-to-file rule to an action, a court must resolve two questions: 1) whether the two pending actions are substantially similar such that one court should decide the subject matter of both actions; and 2) which of the two courts should hear the case. *See RPost Holdings, Inc. v. Sophos, Inc.*, No. 2:13-cv-959, 2014 U.S. Dist. LEXIS 184532, at *1 (E.D. Tex. Aug. 20, 2014) (citing *Texas Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993)).

### IV. ARGUMENT

**A. The Court should transfer Plaintiffs' claims regarding the '984 Patent to Delaware because SAP's declaratory judgment action there is the first-filed action.**

The Court should transfer Plaintiffs' claims regarding the '984 Patent to Delaware under the first-filed rule. Under that rule, "absent sound reason for a change of forum, a first-filed declaratory judgment action is entitled to precedence as against a later-filed patent infringement action." *Genentech*, 998 F.2d at 938. Although applying "the first-to-file rule is generally a matter for a district court's discretion, exercised within governing legal constraints," *Futurewei Techs.,*

5

*Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013), the "'first-to-file' rule … generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2025).

This Court is the second to have possession of this dispute because SAP America's Delaware declaratory judgment claim over the '984 Patent was filed first. *See RPost Holdings, Inc. v. Yesware, Inc.*, 2014 WL 12712410, at *1–2 (E.D. Tex. Sept. 3, 2014) (Gilstrap, J.) ("This rule means precisely what it says: 'the first filed'; not the first filed by a minute, an hour, a day or a week—but simply 'the first filed.'"). And Plaintiffs already sought to dismiss the '984 Patent (Count IX) from SAP America's first-filed Delaware action by telling SAP and the District of Delaware that they had no intent or plan to assert the '984 Patent against SAP. *SAP II*, Dkt. 14 at 3–4, 9–10; *id.*, Dkt. 32 at 2. Plaintiffs repeatedly emphasized the fact that they had chosen **not** to include the '984 Patent in their prior *Valtrus I* complaint as a reason why there was supposedly no dispute over the'984 Patent: "at no point since the date when Valtrus filed *Valtrus I*—January 15, 2024—has Valtrus indicated that it plans to assert the 5 non-overlapping patents (those at issue in Counts IV–V and VII–IX) against SAP." *SAP II*, Dkt. 14 at 9–10; *see also id.*, Dkt. 32 at 2 (insisting that "[a]ny lingering fear that Valtrus will sue on those patents is pure speculation" because "Valtrus filed suit against SAP in Texas [in *Valtrus I*] without asserting or mentioning those patents ever again.").

The fact that Plaintiffs filed *Valtrus I* in Texas against SAP over a different set of patents— **not** including the '984 Patent—does not change the analysis. In its *Valtrus I* action in Texas, Valtrus selected seven patents to assert against SAP, but chose **not** to assert the '984 Patent. *See Valtrus I*, Dkt. 1; *SAP II*, Dkt. 32 at 2. SAP America, on the other hand, specifically included the '984 Patent

6

in Count VII of its original complaint (*SAP I*, Dkt. 1 at ¶¶ 58–62) and Count IX of its amended

complaint in *SAP I* (*id.*, Dkt. 7 at ¶¶ 80–84). SAP America then carried over these allegations into

Count IX of the operative complaint, reproduced below, seeking a "Declaration Regarding Non-

Infringement of the '984 Patent," *see SAP II*, Dkt. 12 at ¶¶ 96–100 (filed June 26, 2024):

> 96. Based on Valtrus's allegations that SAP infringes the '984 Patent, an actual controversy has arisen and now exists between the parties as to whether SAP infringes any claim of the '984 Patent.
> 97. SAP does not infringe and has not infringed, under any theory of infringement (including directly (whether individually or jointly), indirectly (whether contributorily or by inducement), and/or under the doctrine of equivalents, any of the claims of the '984 Patent, at least because the SAP HANA System does not employ, incorporate, or otherwise make use of all the limitations of the '984 Patent's claims.
> 98. For example, claim 1 requires a "user defined function" that includes both "an input expression" and "a parameter expression." But the SAP HANA system does not include user defined functions with both an input and parameter expression. Instead, the HANA system's user defined functions only include input expressions. Thus, the SAP HANA system does not meet the limitations of at least claim 1.
> 99. For at least these reasons, the SAP HANA system does not infringe the '984 Patent.
> 100. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, SAP requests a declaration by the Court that it does not infringe and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '984 Patent.

In contrast, Plaintiffs never asserted the '984 Patent until now in Count Four of their complaint—

almost a year later. *See Valtrus III*, Dkt. 1 at ¶¶ 49–56. The '984 Claim, Count Four, is duplicative

of Count IX of SAP America's *SAP II* declaratory judgment complaint because both claims present

the question of whether the SAP HANA system infringes the '984 Patent. *Id.* ¶ 52 & Ex. 8 (charting

SAP HANA as allegedly infringing the '984 Patent).

In like circumstances, the District of Delaware, as the first-filed venue, held that a court

already being acquainted with *other* patents and technology from earlier cases "has no bearing on

the ultimate determining of the controversy over" the '984 Patent that is subject to "mirror-image

7

litigation." *Cellectis S.A. v. Precision Biosciences, Inc.*, 858 F. Supp. 2d 376, 384 (D. Del. 2012). Notably, the court rejected the argument that a prior suit in North Carolina was "really the first-filed case because it involves the same parties and the same technology" because "the first-filed rule was meant only to address the mirror-image litigation" involving the *same* patent. The case remained in the first-filed Delaware action and the later-filed action was enjoined because they both involved the same patent. *See id*.

**B. All claims regarding the '984 Patent should proceed in Delaware because *SAP II* and *Valtrus III* are substantially similar.**

Courts determining substantial similarity have examined "whether they involved the same parties, the same technology, the same inventors, overlapping remedies, the same witnesses, or overlapping issues in claim construction." *SIPCO, LLC v. Emerson Elec. Co.*, 2016 U.S. Dist. LEXIS 191202, at *2 (E.D. Tex. July 1, 2016) (Mitchell, M.J.); *E-Z-EM, Inc. v. Mallinckrodt, Inc.*, 2010 U.S. Dist. LEXIS 31419, at *2 (E.D. Tex. Feb. 26, 2010) (Everingham, M.J.). Once the "substantial similarity" threshold is crossed, the first-to-file rule accords the first-filed court the responsibility to determine which case should proceed. *RPost Holdings, Inc. v. Sophos, Inc.*, 2014 U.S. Dist. LEXIS 184532, at *1 (E.D. Tex. Aug. 20, 2014) (Gilstrap, J.) (citing *Genentech*, 998 F.2d 931 at 938 (Fed. Cir. 2008)). Here, both actions involve the same parties, and, regarding the '984 Patent, the same technology, the same inventors, and overlapping remedies. Due to the significant overlap, both actions likely involve the same witnesses and overlapping issues in claim construction.

Furthermore, the patents-in-suit—including the '984 Patent—are part of an extensive portfolio of patents originating from HPE. *See SAP II*, Dkt. 12 at ¶ 21. Importantly, to avoid Delaware's jurisdiction, Plaintiffs Valtrus and KPI sought to **dismiss** Count IX and the dispute over the '984 Patent from SAP's operative declaratory judgment complaint on the supposed ground that

there was no live case or controversy. *See SAP II*, Dkt. 14 at 3–4. But Plaintiffs already sued SAP on patents from that portfolio. SAP has been under threat of litigation for the '984 Patent since they filed *SAP I*, and that threat materialized when Plaintiffs filed this *Valtrus III* action. The '984 Patent not only confirms substantial similarity between the actions but also highlights the ongoing threat of litigation SAP faces for other patents within Plaintiffs' HPE portfolio.

**C. The District of Delaware should be afforded the opportunity to address which case should proceed for the '984 Patent.**

As this Court has recognized, "it is not the second-filed court's position to determine the appropriate venue." *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys.*, 2022 U.S. Dist. LEXIS 218602, at *5–6 (E.D. Tex. Dec. 2, 2022) (Gilstrap, C.J.) (citing *RPost Holdings*, 2014 U.S. Dist. LEXIS 184532, at *1); *Texas Instruments*, 815 F. Supp. at 999 ("[T]he Court cannot grant the relief [Plaintiff] requests for the reason that the first-to-file rule gives the first-filed court the responsibility to determine which case should proceed."); *see also Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("Where duplicative issues and parties exist in two cases[,] the court with the first case should resolve the issues between the parties and the second court should defer."); *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605–06 (5th Cir. 1999) (holding that the second-filed court correctly refused to resolve whether the first-filed court or the second-filed court should retain the case).

By doing so, this Court would avoid "trenching on the authority of its sister court, one of the very abuses the first-to-file rule is designed to prevent." *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys.*, 2022 U.S. Dist. LEXIS 218602, at *5–6 (E.D. Tex. Dec. 2, 2022).

### V.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss, transfer, or stay Plaintiffs' allegations related to the '984 Patent under the first-to-file doctrine. The

Delaware action was the first to place the '984 Patent at issue between these parties, and the substantial similarity of the parties, patents, and accused products compels deference to the first-filed court. Allowing this later-filed, duplicative action to proceed would undermine the purposes of the first-to-file rule and risk conflicting outcomes. Accordingly, Defendants request that the Court grant this motion and afford the District of Delaware the opportunity to determine the appropriate forum for resolution of the parties' dispute of the '984 Patent.

DATED: July 28, 2025

Respectfully submitted,

*/s/ Michael A. Bittner*
Thomas M. Melsheimer
State Bar No. 13922550
tmelsheimer@winston.com
M. Brett Johnson
State Bar No. 00790975
mbjohnson@winston.com
Michael A. Bittner
State Bar No. 24064905
mbittner@winston.com
Samuel Riebe
State Bar No. 24136101
sriebe@winston.com
Patrick D. Clark
State Bar No. 24115706
pclark@winston.com
Kyle L. Dockendorf
State Bar No. 24136811
kdockendorf@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500

William M. Logan
State Bar No. 24106214
WLogan@winston.com
**WINSTON & STRAWN LLP**
800 Capitol St., Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600

Katherine Vidal
State Bar No. 194971
kvidal@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Dr., Suite 520
Redwood City, CA 94065
1901 L Street, NW
Washington, D.C. 20036
Telephone: (202) 282-5000

**ATTORNEYS FOR**
**SAP AMERICA, INC. and SAP SE**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

/s/ *Michael A. Bittner*
Michael A. Bittner

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(G), counsel for Defendants conferred with counsel for Plaintiffs on July 28, 2025. Plaintiffs are opposed to the requested relief.

/s/ *Michael A. Bittner*
Michael A. Bittner